940 F.2d 661
 137 L.R.R.M. (BNA) 3032
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
DELTA STAR UTILITY CONTRACTORS, INC. and Harold Gates, A
Sole Proprietor, d/b/a Delta Star Trucking and
Delta Star Electric, Respondent.
 No. 91-5860.
 United States Court of Appeals, Sixth Circuit.
 Aug. 12, 1991.
 
 1
 Before KENNEDY and MILBURN, Circuit Judges, and ZATKOFF, District Judge*.
 
 
 2
 JUDGMENT ENFORCING AN ORDER OF THE NATIONAL LABOR RELATIONS BOARD
 
 
 3
 This cause was submitted upon the application of the National Labor Relations Board for summary entry of a judgment against Respondent, Delta Star Utility Contractors, Inc. and Harold Gates, a sole proprietor, d/b/a Delta Star Trucking and Delta Star Electric, Saginaw, Michigan, its officers, agents, successors, and assigns, enforcing its order dated September 27, 1990, in Case No. 7-CA-29779, and the Court having considered the same, it is hereby
 
 
 4
 ORDERED AND ADJUDGED by the Court that the Respondent, Delta Star Utility Contractors, Inc. and Harold Gates, a sole proprietor, d/b/a Delta Star Trucking and Delta Star Electric, Saginaw, Michigan, its officers, agents, successors, and assigns, shall:
 
 1. Cease and desist from:
 
 5
 (a) Refusing to bargain with Local 876, International Brotherhood of Electrical Workers, AFL-CIO, as the exclusive representative of the employees in the following appropriate unit by failing and refusing to continue in full force and effect the terms and conditions of its collective-bargaining agreements with the Union since April 16, 1989, by not paying contractual wage rates and failing to make contractually required pension, health and welfare, vacation and holiday, and apprentice training fund contributions:
 
 
 6
 All employees who perform outside utility and commercial power and high voltage pipe type cable work and all electrical underground work which is within the jurisdiction of the Union; but excluding all other employees and guards and supervisors as defined in the Act.
 
 
 7
 (b) In any like or related manner interfering with, restraining, or coercing employees in the exercise of the rights guaranteed them by Section 7 of the Act.
 
 
 8
 2. Take the following affirmative action necessary to effectuate the policies of the Act.
 
 
 9
 (a) Adhere to the terms and conditions of its current collective-bargaining agreement with the Union, including, but not limited to, its provisions governing wage rates and pension, health and welfare, vacation and holiday, and apprentice training fund payments.
 
 
 10
 (b) Make the contractually required contributions to the fringe benefit funds that the Respondent unlawfully failed to make since April 16, 1989.
 
 
 11
 (c) Make whole the unit employees in the manner set forth in the remedy section of the Board's Decision.
 
 
 12
 (d) Preserve and, on request, make available to the Board or its agents for examination and copying, all payroll records, social security payment records, timecards, personnel records and reports, and all other records necessary to analyze the amount of backpay due under the terms of this Judgment.
 
 
 13
 (e) Post at its facility in Saginaw, Michigan, copies of the attached notice marked "Appendix." Copies of the notice, on forms provided by the Regional Director for Region 7, after being signed by the Respondent's authorized representative, shall be posted by the Respondent immediately upon receipt and maintained for 60 consecutive days in conspicuous places including all places where notices to employees are customarily posted. Reasonable steps shall be taken by the Respondent to ensure that the notices are not altered, defaced, or covered by any other material.
 
 
 14
 (f) Notify the said Regional Director, in writing, within 20 days from the date of this Judgment, what steps the Respondent has taken to comply.
 
 APPENDIX
 NOTICE TO EMPLOYEES
 
 15
 POSTED PURSUANT TO A JUDGMENT OF THE UNITED STATES COURT OF
 
 
 16
 APPEALS ENFORCING AN ORDER OF THE NATIONAL LABOR
 
 RELATIONS BOARD
 An Agency of the United States Government
 
 17
 The National Labor Relations Board has found that we violated the National Labor Relations Act and has ordered us to post and abide by this notice.
 
 
 18
 WE WILL NOT refuse to bargain with Local 876, International Brotherhood of Electrical Workers, AFL-CIO, as the exclusive representative of the employees in the following appropriate unit by failing and refusing to continue in full force and effect the terms and conditions of our collective-bargaining agreements with the Union since July 1985 by, inter alia, not paying contractual wage rates and failing to make contractually required pension, health and welfare, vacation and holiday, and apprentice training fund contributions:
 
 
 19
 All employees who perform outside utility and commercial power and high voltage pipe type cable work and all electrical underground work which is within the jurisdiction of the Union; but excluding all other employees and guards and supervisors as defined in the Act.
 
 
 20
 WE WILL NOT in any like or related manner interfere with, restrain, or coerce you in the exercise of the rights guaranteed you by Section 7 of the Act.
 
 
 21
 WE WILL abide by the current collective-bargaining agreement with the Union.
 
 
 22
 WE WILL make the contractually required contributions to the fringe benefit funds that we unlawfully failed to make since April 16, 1989, and WE WILL make whole the unit employees for any losses which occurred as a result of our failure to make those contributions, plus interest.
 
 
 23
 WILL make whole the unit employees for losses of wages as a result of our unlawful failure to pay contractually required wage rates since April 16, 1989, plus interest.
 
 
 24
 DELTA STAR UTILITY CONTRACTORS, INC. AND HAROLD GATES, A SOLE PROPRIETOR, d/b/a DELTA STAR TRUCKING AND DELTA STAR ELECTRIC
 
 ISAAC
 
 
 (Employer)
 Dated __________ By ______________________________
 (Representative)
 (Title)
 This is an official notice and must not be defaced by anyone.
 This notice must remain posted for 60 consecutive days from the date of posting and must not be altered, defaced, or covered by any other material. Any questions concerning this notice or compliance with its provisions may be directed to the Board's Office, Room 300, 477 Michigan Avenue, Detroit, Michigan 48226-2569, Telephone 313-226-3219.
 
 
 *
 The Honorable Lawrence P. Zatkoff, U.S. District Judge for the Eastern District of Michigan, sitting by designation