940 F.2d 661
 137 L.R.R.M. (BNA) 3032
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
IMERMAN INDUSTRIES, INC., Respondent.
 No. 91-5762.
 United States Court of Appeals, Sixth Circuit.
 Aug. 12, 1991.
 
 1
 Before KENNEDY and MILBURN, Circuit Judges, and ZATKOFF, District Judge*.
 
 
 2
 JUDGMENT ENFORCING AN ORDER OF THE NATIONAL LABOR RELATIONS BOARD
 
 
 3
 This cause was submitted upon the application of the National Labor Relations Board for summary entry of a judgment against Respondent, Imerman Industries, Inc., Detroit, Michigan, its officers, agents, successors, and assigns, enforcing its order dated June 25, 1990, in Case No. 7-CA-29798, and the Court having considered the same, it is hereby
 
 
 4
 ORDERED AND ADJUDGED by the Court that the Respondent, Imerman Industries, Inc., Detroit, Michigan, its officers, agents, successors, and assigns, shall:
 
 1. Cease and desist from:
 
 5
 (a) Changing the terms and conditions of employment of the employees in the bargaining unit set forth below, repudiating its collective-bargaining agreement with International Union, United Automobile, Aerospace, and Agricultural Implement Workers of America (UAW) and its Local 212, by unilaterally and without notice, inter alia, failing to make contractually required medical and life insurance premium payments and pension contributions, and failing to remit to the appropriate party the union dues and credit union payments previously collected from employees' paychecks. The appropriate unit is:
 
 
 6
 All production and maintenance employees employed by the Respondent at its plant located at 12165 Mack Avenue, Detroit, Michigan; but excluding all office clerical employees, professional employees, guards, and supervisors as defined in the Act.
 
 
 7
 (b) Failing to bargain with the Unions over the effects of its decision to sell its operating assets and cease operations at its Detroit, Michigan facility.
 
 
 8
 (c) In any like or related manner interfering with, restraining, or coercing employees in the exercise of the rights guaranteed them by Section 7 of the Act.
 
 
 9
 2. Take the following affirmative action necessary to effectuate the policies of the Act.
 
 
 10
 (a) Honor its collective-bargaining agreement with the Unions by, inter alia, making all the contractually required medical and life insurance premium payments and pension contributions which are delinquent, and remitting to the appropriate party all union dues and credit union payments previously deducted from employees' paychecks, with interest as set forth in the remedy section of the Board's Decision.
 
 
 11
 (b) Make unit employees whole for any expenses incurred by them as a result of the Respondent's failure to make the medical and life insurance premium payments, with interest.
 
 
 12
 (c) On request, bargain with the Unions as the exclusive representative of the unit employees concerning the effects of its decision to sell its assets and cease operations at its Detroit, Michigan facility, and reduce to writing any agreement reached as a result of such bargaining.
 
 
 13
 (d) Make whole unit employees for losses suffered as a result of the Respondent's failure to bargain over the effects of its decision to sell its assets and cease operations at its Detroit, Michigan facility, in the manner described in the remedy section of the Board's Decision.
 
 
 14
 (e) Preserve and, on request, make available to the Board or its agents for examination and copying, all payroll records, social security payment records, timecards, personnel records and reports, and all other records necessary to analyze the amount of backpay due under the terms of this Judgment.
 
 
 15
 (f) Mail an exact copy of the attached notice marked "Appendix" to the Unions and to all employees in the appropriate bargaining unit who were employed at the Detroit, Michigan facility at the time the Respondent ceased operations. Copies of the notice, on forms provided by the Regional Director for Region 7, after being signed by the Respondent's authorized representative, shall be mailed immediately upon receipt as directed.
 
 
 16
 (g) Notify the said Regional Director, in writing, within 20 days from the date of this Judgment, what steps the Respondent has taken to comply.
 
 APPENDIX
 NOTICE TO EMPLOYEES
 
 17
 POSTED PURSUANT TO A JUDGMENT OF THE UNITED STATES COURT OF
 
 
 18
 APPEALS ENFORCING AN ORDER OF THE NATIONAL LABOR
 
 RELATIONS BOARD
 An Agency of the United States Government
 
 19
 The National Labor Relations Board has found that we violated the National Labor Relations Act and has ordered us to post and abide by this notice.
 
 
 20
 WE WILL NOT change the terms and conditions of employment of employees in the bargaining unit and repudiate our collective-bargaining agreement with International Union, United Automobile, Aerospace, and Agricultural Implement Workers of America (UAW) and its Local 212, by unilaterally and without notice and the Unions' agreement, failing, inter alia, to make contractually required medical and life insurance premium payments and pension contributions and failing to remit to the appropriate party the union dues and credit union payments which were previously collected from employees' paychecks.
 
 
 21
 WE WILL NOT refuse or fail to bargain with the Unions about the effects of our decision to sell our operating assets and cease operations at the Detroit, Michigan facility on employees in the following appropriate bargaining unit:
 
 
 22
 All production and maintenance employees employed by us at our plant located at 12165 Mack Avenue, Detroit, Michigan; but excluding all office clerical employees, professional employees, guards, and supervisors as defined in the Act.
 
 
 23
 WE WILL NOT in any like or related manner interfere with, restrain, or coerce you in the exercise of the rights guaranteed you by Section 7 of the Act.
 
 
 24
 WE WILL make all contractually required medical and life insurance payments and pension contributions which are delinquent, and shall remit to the appropriate party all union dues and credit union payments which have been deducted from employees' paychecks, with interest.
 
 
 25
 WE WILL make unit employees whole for any expenses incurred by them as a result of our failure to make the required medical and life insurance premium payments, with interest.
 
 
 26
 WE WILL, on request, bargain collectively with the Unions about the effects on unit employees of our decision to sell our operating assets and cease operations at the Detroit, Michigan facility.
 
 
 27
 WE WILL make unit employees whole, in the manner set forth in the Board's Decision and Order, for losses sustained as a result of our failure to bargain with the Unions over the effects of our decision to sell our operating assets and cease operations at the Detroit, Michigan facility.
 
 
 28
 IMERMAN INDUSTRIES, INC.
 
 
 
 (Employer)
 Dated __________ By ______________________________
 (Representative)
 (Title)
 This is an official notice and must not be defaced by anyone.
 This notice must remain posted for 60 consecutive days from the date of posting and must not be altered, defaced, or covered by any other material. Any questions concerning this notice or compliance with its provisions may be directed to the Board's Office, 477 Michigan Avenue, Room 300, Detroit, Michigan 48226-2569, Telephone 313-226-3219.
 
 
 *
 The Honorable Lawrence P. Zatkoff, U.S. District Judge for the Eastern District of Michigan, sitting by designation